UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN BARTLINSKI, derivatively on behalf of SANCHEZ ENERGY CORPORATION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| ANTONIO R. SANCHEZ, III, A.R. SANCHEZ, JR., GILBERT A. GARCIA, GREG COLVIN, and ALAN G. JACKSON, | § § § | CIVIL ACTION H-14-341 |
| *Defendant*s, | § § | |
| and | § § | |
| SANCHEZ ENERGY CORPORATION, | § § | |
| *Nominal Defendant.* | § | |

### ORDER

Pending before the court is a motion to dismiss filed by defendants Antonio R. Sanchez, III, Antonio R. Sanchez, Jr., Gilbert A. Garcia, Greg Colvin, and Alan G. Jackson (collectively, the "Individual Defendants"). Dkt. 15. After considering the complaint, motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

This is a shareholder derivative lawsuit. Plaintiff John Bartlinski is a shareholder of Sanchez Energy Corporation ("Sanchez Energy"). Dkt. 1. Nominal defendant Sanchez Energy is a Delaware corporation with its principal office in Houston, Texas. *Id.* The Individual Defendants are members of Sanchez Energy's board of directors. *Id.* On April 25, 2013, in anticipation of its annual shareholder meeting, Sanchez Energy filed a proxy statement with the U.S. Securities and Exchange Commission ("SEC"). *Id.* In the proxy statement, Sanchez Energy asked its shareholders to approve an amendment to their certificate of incorporation to add a director exculpation provision. Dkt. 15, Reed Aff., Ex. 1 (complete proxy statement). The proxy statement indicated that board members

"must be able to exercise independent business judgement without the fear of being second-guessed by the courts and held liable for mistakes of judgement or ordinary negligence." Dkt. 1. The shareholders approved the proposed amendment. *Id.*

Bartlinski claims that the proxy statement contained materially false statements in violation of sections 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 14a-9 of the SEC. *Id.* Specifically, he asserts that statement about "ordinary negligence" gave a false impression that, if the exculpation provision were not approved, the board members faced a chance of being held monetarily liable for ordinary negligence when under Delaware law the standard for liability, even for a breach of the fiduciary duty of due care, is gross negligence. *Id.* Bartlinski filed this lawsuit on February 22, 2014. *Id.* He requests a declaratory judgment indicating that the shareholder vote was invalid. *Id.*

The Individual Defendants filed a motion to dismiss in which they request that the court dismiss Bartlinski's lawsuit pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 23.1. Dkt. 15. The Individual Defendants argue that Bartlinski did not properly plead demand futility under Rule 23.1 and that therefore the complaint must be dismissed under Rule 12(b)(1). *Id.* The Individual Defendants also argue that Bartlinski has failed to plead a material misstatement in the proxy statement and that his complaint must therefore be dismissed under Rule 12(b)(6). *Id.*

## II. LEGAL STANDARDS

### A. Derivative Action

Under Federal Rule of Civil Procedure 23.1(b) a derivative action complaint must be verified and must:

(1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;

(2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and

(3) state with particularity:

   (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and

      (B) the reasons for not obtaining the action or not making the effort.

Fed. R. Civ. P. 23.1(b). "Because Federal Rule of Civil Procedure 23.1 does not identify applicable substantive standards, the particularity of a plaintiff's pleadings is governed by the standards of the state of incorporation, here, Delaware." *Freuler v. Parker*, 803 F. Supp. 2d 630, 636 (S.D. Tex. 2011).

## B.      Demand Futility under Delaware Law

Under Delaware law, the decision to pursue a lawsuit on behalf of the corporation is left to the board of directors, recognizing that "directors, rather than shareholders, manage the business and affairs of the corporation." *In re Citigroup Inc. Shareholder Deriv. Litig.*, 964 A.2d 106, 120 (Del. Ch. 2009) (internal quotation omitted). "[T]he right of a stockholder to prosecute a derivative suit is limited to situations where the stockholder has demanded that the directors pursue the corporate claim and they have wrongfully refused to do so or where demand is excused because the directors are incapable of making an impartial decision regarding such litigation." *Rales v. Blasband*, 634 A.2d 927, 932 (Del. 1993). The demand requirement requires shareholder derivative plaintiffs to first make a demand on the board of directors in all but the most "extraordinary" of circumstances. *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 96, 111 S. Ct. 1711 (1991). Where, as here, the plaintiff is arguing that the required demand would be futile or is excused, the courts must ask "whether,

under the particularized facts alleged, a reasonable doubt is created that: (1) the directors are disinterested and independent; [or] (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984), *overruled on other grounds*, *Brehm v. Eisner*, 746 A.2d 244 (Del. 2000). The burden rests on the plaintiff to show that demand upon the board of directors at the time of the filing of the complaint would have been futile. *In re INFOUSA, Inc. Shareholder Litig.*, 953 A.2d 963, 985 (Del. Ch. 2007).

To be disinterested, a majority of "directors can neither appear on both sides of a transaction nor expect to derive any personal financial benefit from it in the sense of self-dealing, as opposed to a benefit which devolves upon the corporation or all stockholders generally." *Aronson*, 919 A.2d at 812. "It should be noted, however, that in the absence of self-dealing, it is not enough to establish the interest of a director by alleging that he received any benefit not equally shared by the stockholders." *Orman v. Cullman*, 794 A.2d 5, 23 (Del. Ch. 2002). "Such benefit must be alleged to be material to that director." *Id.* (citing *Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345, 363 (Del. 1993)). "Materiality means that the alleged benefit was significant enough 'in the context of the director's economic circumstances, as to have made it improbable that the director could perform her fiduciary duties to the . . . shareholders without being influenced by her overriding personal interest.'" *Id.* (quoting *In re Gen. Motors Class H Shareholders Litig.*, 734 A.2d 611, 617 (Del. Ch. 1999)). "Mere recitations of elephantine compensation packages and executive perquisites . . . will rarely be enough to excuse a derivative plaintiff from the obligation to make demand upon a defendant board of directors." *In re INFOUSA*, 953 A.2d at 983 ("Successful derivative plaintiffs, however, must focus intensely upon individual director's conflicts of interest or particular transactions that are beyond the bounds of business judgment.").

4

The second prong of *Aronson* requires a plaintiff to demonstrate a reasonable doubt that "the challenged transaction was otherwise the product of a valid exercise of business judgment." *Aronson*, 473 A.2d at 812.  The business judgment rule "is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Id.*  To show that demand was futile under the second prong, the plaintiff must plead particularized facts to demonstrate that the directors breached their duty "to inform themselves prior to making a business decision, of all material information reasonably available to them." *Id.*  "Having become so informed, they must then act with requisite care in the discharge of their duties." *Id.*

"'[A]bsent particularized allegations to the contrary, the directors are presumed to have acted on an informed basis and in the honest belief that their decisions were in furtherance of the best interests of the corporation and its shareholders.'" *Khanna v. McMinn*, No. Civ. A 20545-NC, 2006 WL 1388744, at *23 (Del. Ch. May 9, 2006) (citation omitted).  "It is not an easy task to allege that a decision falls outside the realm of the business judgment rule because '[t]his Court will not second-guess the judgment of a board of directors if it bases its decision on a rational business purpose.' " *Id.* (quoting *Kahn v. Roberts*, No. C.A. 12324, 1995 WL 745056, at *4 (Del. Ch. Dec. 6, 1995)).  "Thus, '[t]he burden is on the party challenging the decision to establish facts rebutting the presumption.'" *Id.* (quoting *Aronson*, 473 A.2d at 812).

### III. ANALYSIS

#### A. Disinterested and Independent Directors

In the complaint, Bartlinski states that he "has not made any demand on the present Board to institute this action because such demand is excused." Dkt. 1.  He does not, however, provide

5

further explanation as to why the demand was excused.  In order for demand to be excused based on the first prong of the *Aronson* test, Bartlinski must have pled particularized facts to demonstrate that three of the five directors are interested parties or are not independent.  *See In re INFOUSA,* 953 A.2d at 985.  The Individual Defendants argue that Bartlinski's complaint does not contain any particularized facts that would create a reasonable doubt as to the ability of any Board member to consider a demand. Dkt. 15.  Bartilinski argues that the Individual Defendants are interested because of the benefit of gaining immunity from claims for breach of the duty of care and that the directors all benefitted financially from the exculpation provision.  Dkt. 19.  The Individual Defendants assert that the burden rests on the plaintiff to demonstrate that demand upon the board is excused, that there is nothing in the complaint addressing this except for the conclusory statement that it was excused, and that the court cannot consider the statements made in Bartlinski's response indicating that the board was interested.  Dkt. 20.  The court agrees that it is limited to the actual content of the complaint when determining whether a claim has been stated.

Bartlinski's complaint asserts that Bartlinski did not make a demand because doing so was "excused."  Dkt. 1.  He alleges that

> Each of the Individual Defendants face a substantial likelihood of liability for issuing, causing to be issued, and participating in the materially false and misleading statements to shareholders that were contained in the Proxy.  The Proxy contained materially incorrect information concerning the liability that directors faced from serving on the Board of the Company without the approval of the Amendment.  Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

*Id.*  Bartlinski asserts that the Board's sole purpose for the director exculpation amendment was to shield itself from liability as the board members "continue[] to try and enrich themselves."  *Id.*  While

one may infer from these allegations that the Individual Directors were *interested*, there are no particularized allegations indicating how the benefit was material. Bartlinski asserts that demand was futile because the Individual Defendants face a substantial likelihood of liability for issuing the false and misleading proxy. However, the potential liability associated with the allegedly misleading proxy alone is insufficient to show independence or disinterestedness. *Aronson*, 473 A.2d at 815 ("[T]he mere threat of personal liability for approving a questioned transaction, standing alone is insufficient to challenge either the independence or disinterestedness of directors."). Thus, Bartlinski fails to satisfy the first *Aronson* prong.

**B.     Valid Exercise of Business Judgment**

For the second prong of *Aronson*, the court is required to determine whether Bartlinski has alleged facts sufficient to render demand futile because the Board's actions fall outside the business judgment rule. *Aronson*, 473 A.2d at 814. The Individual Defendants argue that Bartlinski does not identify any misrepresented fact and does not plead with particularity how the alleged misrepresentation was material. Dkt. 15. The amendment stated that the Board "must be able to exercise independent business judgement without the fear of being second-guessed by the courts and held liable for mistakes of judgement or ordinary negligence." Dkt. 1. Bartlinski contends that by including the lower standard of "ordinary negligence" instead of the gross negligence standard that applies to a company incorporated under Delaware law, the Board gave the shareholders a false impression that the directors would face a greater chance of being held monetarily liable than they actually would. Dkt. 1. Bartlinski did not, however, plead with particularity how he can overcome the presumption that in making the decision to send out the proxy, the directors "acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of

the company." *Aronson*, 473 A.2d at 812.  Bartlinski's complaint does not create a reasonable doubt

that the Board's actions were a valid exercise of business judgment. Therefore, demand is not futile

in this case.

### IV.  CONCLUSION

Because Bartlinski has not met the Rule 23.1 pleading requirements for demand futility, his

section 14(a) claim fails.   Accordingly, the Individual Defendants' motion to dismiss under

Rule 12(b)(1) is GRANTED, and Bartlinski's claims are hereby DISMISSED WITHOUT

PREJUDICE.[1]

Signed at Houston, Texas on August 8, 2014.

_____
Gray H. Miller
United States District Judge

---

[1] Bartlinski did not move to amend.